**Robert E. GERKIN, Petitioner—Appellant,**

v.

**D.K. BUTLER, Warden, Respondent—Appellee.**

No. 04–55135.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

Fed. R.App. P. 34(a)(2).

Robert E. Gerkin, Folsom State Prison, Represa, CA, pro se.

Seth K. Schalit, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

California state prisoner Robert E. Gerkin appeals *pro se* the district court's order denying his 28 U.S.C. § 2254 petition, challenging his conviction for inflicting corporal injury on a cohabitant. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Gerkin contends that there was improper communication with members of the jury, and that he was thereby deprived of a fair trial. The state trial court considered the allegations and concluded, assuming that they were true, that Gerkin failed to demonstrate prejudice. Upon review of the record, we conclude that the state court's resolution of this case was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Rushen v. Spain,* 464 U.S. 114, 118–19, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); *Mancuso v. Olivarez,* 292 F.3d 939, 949 (9th Cir.2002). Accordingly, the district court properly denied this claim.

■ Gerkin further contends that he received ineffective assistance of trial counsel because his attorney: (1) failed to investigate and correct the alleged improper communication with the jury; and (2) failed to investigate and exclude the government's expert on Battered Women's Syndrome. Even assuming that counsel's performance was deficient, Gerkin has failed to show "that there is a reasonable probability that, but for counsel's unpro-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court therefore properly denied this claim.

Gerkin's remaining arguments are outside the scope of the Certificate of Appealability, and, to the extent that the arguments can be construed as a motion to broaden, we deny the motion. *See* 28 U.S.C. § 2253(c); 9th Cir. R. 22–1(e).

**AFFIRMED.**